# UNITED STATES DISTRICT COURT\
# WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

ROBERT SHARP, on his own behalf and
on behalf of all similarly situated individuals,

    Plaintiff,
v().                                                  CASE NO.:

IMPERIAL GUARD AND DETECTIVE
SERVICES, INC., a/k/a IMPERIAL
SECURITY SERVICES, INC., a/k/a IMPERIAL
GUARD SERVICE, INC., a/k/a IMPERIAL
DETECTIVE AND GUARD, and BREWER GUARD
AND DETECTIVE SERVICES, INC.,
a/k/a BREWER DETECTIVE SERVICE,
a/k/a BREWER DETECTIVE WORLDWIDE
INVESTIGATIONS,
Domestic For-Profit Corporations,

    Defendants.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT SHARP, by and through his attorneys, and on behalf of himself and the putative class set forth below, and in the public interest, brings the following Class Action Complaint. In this Class Action Complaint, Plaintiff sues Defendants, IMPERIAL GUARD AND DETECTIVE SERVICES, INC., a/k/a IMPERIAL SECURITY SERVICES, INC., a/k/a IMPERIAL GUARD SERVICE, INC., a/k/a IMPERIAL DETECTIVE AND GUARD ("Imperial Security"), and BREWER GUARD AND DETECTIVE SERVICES, INC., a/k/a BREWER DETECTIVE SERVICE, a/k/a BREWER DETECTIVE WORLDWIDE INVESTIGATIONS ("Brewer"), (collectively "IMPERIAL SECURITY/BREWER" or "Defendants"), including its related entities, subsidiaries, predecessors and successors, under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## **PRELIMINARY STATEMENT**

1. Defendants are commonly controlled or a joint enterprise that are a consumer reporting agency ("CRA"), providing employers with consumer reports, commonly referred to as "background checks," for employment purposes. Employers rely on these reports to make employment related decisions on applicants and employees.

2. Accessing employment-purpose background checks is presumptively illegal under the FCRA. To access and use background checks, employers must abide by strict disclosure and notice requirements imposed by the Act, and must—before they may obtain a report in the first place—certify to the CRA that they have (as to disclosure) and will (regarding notice) abide by these requirements. *See* 15 U.S.C. § 1681b(b)(2), (3).

3. The FCRA also makes it presumptively illegal for a CRA like Defendants to issue a report in the employment context. A CRA may issue such a report "only if" it first obtains from the person to whom it plans to issue the report the certification described in the preceding Paragraph.

4. These requirements must be met as to each report a CRA issues.

5. The failure to meet these certification rules means the CRA is forbidden from issuing consumer reports in the employment context. If the CRA issues a report without the certifications, it violates the law with each report is so issues.

6. The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the CRA and user of the consumer report have complied with the statute's strict certification, disclosure, authorization and notice requirements. 15 U.S.C. § 1681b(a).

7. IMPERIAL SECURITY/BREWER willfully violated these requirements, in systematic violation of Plaintiff's rights and the rights of other putative class members.

8. IMPERIAL SECURITY/BREWER violated 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) by providing consumer reports used for employment purposes without certification from Technicolor Videocassette of Michigan ("Technicolor") and other users to whom it provided consumer reports that such users would abide by the FCRA's disclosure, authorization and notice requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

9. Based on the foregoing violations, Plaintiff asserts FCRA claims against IMPERIAL SECURITY/BREWER on behalf of himself and a class consisting of consumers whose consumer reports were furnished by IMPERIAL SECURITY/BREWER without certification that the user would comply with the FCRA's strict disclosure, authorization and notice requirements.

10. In Count I Plaintiff asserts an FCRA claim against IMPERIAL SECURITY/BREWER under 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) on behalf of a "Certification Class" consisting of:

> **All employees and job applicants in the United States who were the subject of a consumer report for employment purposes furnished by Imperial Security/Brewer that was provided without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3), within five years of the filing of this lawsuit through the date of final judgment in this action.**

11. On behalf of themselves and the putative class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

12. In Count II Plaintiff asserts an FCRA claim against IMPERIAL SECURITY/BREWER under 15 U.S.C. § 1681(k)(a) on behalf of a "1681k(a)(1) Class"

consisting of:

> **All employees and job applicants (a) who were the subject of an Imperial Security/Brewer consumer report issued with the five years immediately preceding the filing of the Complaint in this matter, and (b) that was furnished for an employment purpose, (c) that contained at least one public record, (d) to whom Imperial Security/Brewer did not place in the United States mail postage pre-paid a written § 1681k(a)(1) notice on the day it adjudicated the report**.

## THE PARTIES

13. Individual and class representative, Plaintiff, Robert Sharp ("Plaintiff") lives in Mississippi, applied for employment with Technicolor, but was denied employment based upon his consumer reports, which IMPERIAL SECURITY/BREWER provided to Technicolor. Plaintiff is a member of the putative class defined below.

14. Defendant, IMPERIAL SECURITY is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and provides consumer reports for employment purposes.

15. Defendant BREWER is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and provides consumer reports for employment purposes.

16. Upon information and belief, IMPERIAL SECURITY and BREWER are under common management and operational control and conduct business as a joint enterprise. For all relevant purposes, IMPERIAL SECURITY and BREWER are the same.

## JURISDICTION AND VENUE

17. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

18. Venue is proper in the United States District Court for the Western District of

Tennessee, Memphis Division, because the underlying events occurred in or near Memphis, Tennessee and Defendants' Headquarters is located in Memphis, Tennessee.

### ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

19. Congress has recognized consumer reporting agencies like IMPERIAL SECURITY/BREWER have assumed a vital role in assembling information on consumers, and therefore implemented the FCRA to ensure credit reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681.

20. In accordance with Congress' findings, a consumer reporting agency may only furnish a consumer report for employment purposes if the user has certified its compliance with 15 U.S.C. § 1681b(b)(2)(A) before the report is furnished and certifies future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.  15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii).

21. The certification requirement reads, in pertinent part:

> (1) **Certification from user:** A consumer reporting agency may furnish a consumer report for employment purposes **only** if –
>
> **(A)** the person who obtains such report from the agency certifies to the agency that –
>
> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable.

15 U.S.C. § 1681b(b)(1)(A)(i).

22. A consumer reporting agency that furnishes consumer reports used for employment purposes without receiving the requisite certification of FCRA compliance from the user is furnishing the consumer report unlawfully.  15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii).

23. IMPERIAL SECURITY/BREWER furnished consumer reports to Technicolor and other users (e.g., employers), with knowledge the reports were being used for employment purposes. However, IMPERIAL SECURITY/BREWER furnished the consumer reports to Technicolor and other users (employers), without requiring them to certify compliance with 15 U.S.C. § 1681b(b)(2)(A) before furnishing the report or certifying future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.

24. The paragraphs referenced in § 1681b(b)(1)(A)(i) are the stand alone disclosure, written authorization and pre-adverse action notification requirements set forth in § 1681b(b)(2) and § 1681b(b)(3).

25. The purpose of the certification requirement is to ensure users of consumer reports for employment purposes follow the statutory framework created by Congress to safeguard consumers' rights to privacy and information.

26. It is flatly illegal for a consumer reporting agency to furnish a consumer report for employment purposes unless the consumer reporting agency has received the FCRA-mandated certification of FCRA compliance from the user. In fact, compliance with the certification requirement provides the *only* lawful means for a consumer reporting agency to furnish a consumer report for employment purposes. 15 U.S.C. § 1681b(a).

### ALLEGATIONS SPECIFIC TO PLAINTIFF

27. Plaintiff applied for employment with Technicolor on or around September 2017.

28. Plaintiff was offered employment by Technicolor.

29. Plaintiff was presented a purported FCRA disclosure titled Applicant Release: "Fair Credit Reporting Act Disclosure Statement and Authorization," which did not satisfy the

requirements of § 1681b(b)(2). Specifically, the purported FCRA disclosure was not a "stand alone" disclosure document. Therefore, Technicolor could not have possibly certified compliance with § 1681b(b)(2).

30. In September 2017, as part of the hiring process, Technicolor procured a consumer report for employment purposes from IMPERIAL SECURITY/BREWER. Technicolor initiated the request for Plaintiff's consumer report by emailing Brenda Jefferson, Investigative Manager for Brewer Detective Service, Inc. and Human Resources Investigator for Imperial Security Service, Inc.

31. IMPERIAL SECURITY/BREWER furnished Plaintiff's consumer report to Technicolor for employment purposes even though it had no reasonable basis to believe Technicolor was abiding to the FCRA restrictions on the use of consumer reports for employment purposes.

32. IMPERIAL SECURITY/BREWER knew, or should have known, the consumer report was being used for employment purposes because IMPERIAL/BREWER was also responsible for coordinating and reporting the results of Plaintiff's pre-hire drug test (which he passed) to Technicolor.

33. IMPERIAL SECURITY/BREWER furnished the consumer reports to Technicolor even though Technicolor had never certified compliance with 15 U.S.C. § 1681b(b)(2)(A) before obtaining the report or that it would comply with § 1681b(b)(3), if ever applicable.

34. Despite having none of the requisite certifications of FCRA compliance, IMPERIAL SECURITY/BREWER still furnished Technicolor with thousands of consumer reports that were being used for employment purposes.

35. Technicolor rescinded its job offer to Plaintiff based upon the consumer report IMPERIAL SECURITY/BREWER unlawfully furnished to Technicolor. Thus, § 1681b(b)(3) became applicable.

36. The consumer report provided by IMPERIAL SECURITY/BREWER to Technicolor inaccurately stated Plaintiff was incarcerated for manslaughter.

37. Technicolor did not provide Plaintiff with pre-adverse action notice pursuant, a copy of his consumer report or summary of rights as required by § 1681b(b)(3), most likely because Technicolor never certified to IMPERIAL SECURITY/BREWER it would comply with the statutory requirements, when applicable.

38. Plaintiff was denied employment, was not provided with the proper notice of his rights to dispute any information in the report or to otherwise discuss the information in the report before Technicolor rejected him, and had his consumer reports improperly accessed because Defendants failed to obtain the appropriate certifications from Technicolor. Such failure also caused an invasion of Plaintiff's privacy, as Defendants released his consumer reports to Technicolor without having a statutory basis for doing so.

## **PLAINTIFF'S CONCRETE HARM**

39. IMPERIAL SECURITY/BREWER unjustly enriched itself by unlawfully compiling Plaintiff's personal, private and sensitive information and selling it to a third party without a permissible purpose. The injury of "unjust enrichment" has its roots in English common law. Causes of action for unjust enrichment were part of "the traditional concern of the Courts at Westminster." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 US 765, 774 (2000)(quoting *Coleman v. Miller*, 307 U.S. 433, 460 (1939).

40. IMPERIAL SECURITY/BREWER also violated Plaintiff's right to privacy by

8

compiling his personal, private and sensitive information into a consumer report and furnishing it to a third party, Technicolor, without a permissible purpose.

41. The FCRA's protections regarding who may obtain consumer reports and under what circumstances they may do so are real and substantive, not merely procedural. The violation alleged here is not some mere technical requirement—without the certification from Technicolor, Defendants had no statutory permission to provide Technicolor with a report about Plaintiff.

42. This improper issuance of a report harmed Plaintiff by invading his privacy—Defendants released Plaintiff's private, personal information to Technicolor without a lawful reason for doing so.

43. Protection of consumer privacy is one well-recognized aspect of the FCRA, and the statutory provisions violated here have been part of the FCRA since its enactment in 1970.

44. Plaintiff and the putative class members have a common-law right to keep their personal information from being distributed and used without their knowledge. Congress sought to enhance the protection of that right by enacting the FCRA and incorporating many consumer oriented safeguards, which restrict the distribution of consumer reports only for the reasons listed "and no other." Indeed, the FCRA preempts the common-law tort of intrusion upon seclusion, and the FCRA expresses Congress' finding of "a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

45. Defendants invaded Plaintiff's and the putative class members' right to privacy when it provided their highly confidential personal information without a statutory basis for doing so.

46. Defendants' failure to obtain the appropriate authorizations from Technicolor injured Plaintiff in that (1) his privacy was unlawfully invaded by Defendants' provision of background report about him without statutory permission; (2) Plaintiff suffered an informational injury—by not obtaining a proper disclosure of Technicolor's intent to obtain his consumer report for employment purposes—because IMPERIAL SECURITY/BREWER did not itself obtain the appropriate certification from Technicolor, that it would comply with the disclosure requirement of Section 1681b(b)(2); (3) Plaintiff was deprived of his ability to contest or discuss with Technicolor the content of his consumer report because Defendants did not obtain the proper certification from Technicolor that it would provide the appropriate notice to Plaintiff if it chose to use the content of his consumer report as a basis to deny employment; and (4) IMPERIAL SECURITY/BREWER was unjustly enriched by selling Plaintiff's consumer report to Technicolor when it had no statutory basis on which to release the report to Technicolor.

47. The conduct that Defendants engaged in is precisely the type that Congress sought to prevent—protection of consumer privacy—with the restrictions it has imposed on access to consumers' sensitive, personal information.

48. Plaintiff and the putative class members therefore suffered a concrete, in-fact injury that is directly traceable to IMPERIAL SECURITY/BREWER's conduct and that is likely to be redressed by a favorable decision here.

49. IMPERIAL SECURITY/BREWER violated Plaintiff's right to privacy by compiling his personal, private and confidential information into a consumer report without a permissible purpose and releasing it to a third party.

50. Technicolor rescinded Plaintiff's offer of employment based in whole or in part on the content of his consumer report, which Defendants provided to Technicolor without a

statutory basis for doing so. However, Technicolor never provided Plaintiff with pre-adverse action notice, a copy of his consumer report or summary of rights. Again, it is not surprising Technicolor failed to satisfy the requirements of § 1681b(b)(3) since Technicolor never certified to IMPERIAL SECURITY/BREWER that it would comply with § 1681b(b)(3) before obtaining Plaintiff's consumer report.

51. If Plaintiff had known IMPERIAL SECURITY/BREWER was furnishing his consumer report to Technicolor without a legal right to do so, Plaintiff would not have permitted IMPERIAL SECURITY/BREWER to furnish his consumer report to Technicolor.

52. If Plaintiff had known IMPERIAL SECURITY/BREWER was furnishing his consumer report to Technicolor without a legal right to do so, and such consumer report would be the basis for rescinding the job offer, Plaintiff would not have permitted IMPERIAL SECURITY/BREWER to furnish his consumer report to Technicolor.

53. If Plaintiff knew IMPERIAL SECURITY/BREWER was profiting unlawfully from his consumer report, Plaintiff would not have authorized IMPERIAL SECURITY/BREWER to compile his personal, private and sensitive information for sale.

## DEFENDANTS ACTED WILLFULLY

54. Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the statute's plain language, judicial decisions interpreting the Act, and in the Federal Trade Commission's and Consumer Financial Protection Bureau's promulgations.

55. Defendants obtained, or had available, substantial written materials, which apprised it of its duties under the FCRA.

56. Before CRAs provide consumer reports for employment purposes, they must obtain a written certification that the recipient has (a) provided the consumer with an FCRA-compliant disclosure that a report will be sought; and (b) received that consumer's written authorization. *Obabuecki v. Int'l Business Machines Corp.*, 145 F. Supp. 2d 371, 393 (S.D.N.Y. 2001).

57. This requirement has been part of the fabric of the FCRA since Congress enacted it. Defendants have had decades by which to become compliant with this requirement, yet it has not done so.

58. Discovery will show that IMPERIAL SECURITY/BREWER has no process or procedure directed to compliance with the certification requirement, despite knowing of its existence.

59. Despite knowledge of these legal obligations, Defendants acted consciously in breaching their known duties and depriving the Plaintiff and putative class members of their rights under the FCRA.

60. As a result of these FCRA violations, Defendants are liable to Plaintiff and to each putative class member for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), for the violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

## CLASS ACTION ALLEGATIONS

61. Plaintiff asserts a claim against IMPERIAL SECURITY/BREWER on behalf of a "Certification Class defined as:

> **All employees and job applicants in the United States who were the subject of a consumer report furnished by Imperial Security/Brewer for employment purposes that was provided**

> **without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3), within five years of the filing of this complaint through the date of final judgment in this action.**

62. Plaintiff asserts a claim against IMPERIAL SECURITY/BREWER on behalf of the "FCRA § 1681k(a)(1) Class" initially defined as:

> **All employees and job applicants (a) who were the subject of an Imperial Security/Brewer consumer report issued with the five years immediately preceding the filing of the Complaint in this matter, and (b) that was furnished for an employment purpose, (c) that contained at least one public record, (d) to whom Imperial Security/Brewer did not place in the United States mail postage pre-paid a written § 1681k(a)(1) notice on the day it adjudicated the report.**

63. Numerosity: The members of the putative class are so numerous that joinder of all class members is impracticable. IMPERIAL SECURITY/BREWER furnished thousands of consumer reports to Technicolor alone. IMPERIAL SECURITY/BREWER regularly compiles consumers' personal, private and sensitive information into consumer reports for sale to employers. Plaintiff is informed and believes that during the relevant time period, tens of thousands of employees and prospective employees, if not hundreds of thousands, satisfy the definitions of the putative class. Based on the number of putative class members, joinder is impracticable. The names and addresses of the class members are identifiable through IMPERIAL SECURITY/BREWER's records and published class members may be notified of this action by mailed notice.

64. Typicality: Plaintiff's claims are typical of those of the members of the putative class. IMPERIAL SECURITY/BREWER typically furnishes consumer reports for employment purposes to employers. The FCRA violations suffered by Plaintiff are typical of those suffered by other putative class members because absent the requisite certifications, IMPERIAL

SECURITY/BREWER did not have a permissible purpose to furnish the consumer report.

65. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the putative class, and has retained counsel experienced in complex class action litigation.

66. <u>Commonality</u>: Common questions of law and fact exist as to all members of the putative class, and predominate over any questions solely affecting individual members of the putative class. These common questions include, but are not limited to:

    a. whether Defendants furnished consumer reports for employment purposes without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2), before furnishing such reports;

    b. whether Defendants furnished consumer reports for employment purposes without the user's certification of compliance with 15 U.S.C. § 1681b(b)(3), if applicable;

    c. whether Defendants' violation of the FCRA was willful;

    d. the proper measure of statutory damages; and

    e. the proper form of relief.

67. This case is maintainable as a class action because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for IMPERIAL SECURITY/BREWER. Further, adjudication of each individual class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

68. This case is also maintainable as a class action because IMPERIAL SECURITY/BREWER acted or refused to act on grounds that apply generally to the putative

class.

69. Class certification is also appropriate because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative class do not have an interest in pursuing separate actions against Defendants, as the amount of each class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

## COUNT I
### Failure to Obtain Certification Prior to Furnishing a Consumer Report for Employment Purposes in Violation of 15 U.S.C. § 1681b(b)(1)(A)

70. Plaintiffs restate the allegations set forth in Paragraphs 1 through 69 as if fully set forth herein.

71. IMPERIAL SECURITY/BREWER willfully violated 15 U.S.C. § 1681b(b)(1)(A) because it provided consumer reports about Plaintiff, which was used for employment purposes, without the user's certification of compliance with the disclosure, authorization and notification requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

72. IMPERIAL SECURITY/BREWER invaded Plaintiff's privacy by compiling Plaintiff's personal, private and sensitive information into a consumer report for employment purposes, and furnishing said consumer reports without a permissible purpose.

73. IMPERIAL SECURITY/BREWER caused Plaintiff injury because the report IMPERIAL SECURITY/BREWER furnished was used, in whole or in part, as the basis for an adverse employment action.

74. IMPERIAL SECURITY/BREWER caused Plaintiff injury because IMPERIAL SECURITY/BREWER permitted the user of his consumer report to circumvent the disclosure, authorization and notification requirements of the FCRA when using consumer reports for employment purposes by failing to require Technicolor to certify compliance therewith.

75. The forgoing violations were willful. At the time IMPERIAL SECURITY/BREWER violated 15 U.S.C. § 1681b(b)(1)(A), IMPERIAL SECURITY/BREWER knew it was required to obtain certification of compliance with 15 U.S.C § 1681b(b)(2) from Technicolor before furnishing Technicolor with consumer reports for employment purposes and certification with the notification requirements of 15 U.S.C. § 1681b(b)(3), if applicable. IMPERIAL SECURITY/BREWER's willful conduct is also reflected by, among other things, the following facts:

   a. IMPERIAL SECURITY/BREWER knew of potential FCRA liability;
   b. IMPERIAL SECURITY/BREWER is a consumer reporting agency with access to legal advice through their own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

  c. The FCRA's certification requirement is clearly spelled out in the plain language of the statute;

  d. IMPERIAL SECURITY/BREWER knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

  e. IMPERIAL SECURITY/BREWER voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

76. Plaintiff and the "Certification Class" are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

77. Plaintiff and the "Certification Class" are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative "Certification Class" pray for relief as follows:

  a. determining that this action may proceed as a class action;

  b. designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

  c. issuing proper notice to the putative class at IMPERIAL SECURITY/BREWER 's expense;

  d. finding that IMPERIAL SECURITY/BREWER committed multiple, separate violations of the FCRA;

    e. finding that IMPERIAL SECURITY/BREWER acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    f. awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

    g. awarding reasonable attorneys' fees and costs as provided by the FCRA.

## COUNT II
### Violation of 15 U.S.C. § 1681k

78. Plaintiff restates and readopts the allegations set forth in Paragraphs 1 through 69 as if fully set forth herein.

79. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of a "FCRA § 1681k Class, defined as:5/24/

> **All employees a/nd job applicants (a) who were the subject of an Imperial Security/Brewer consumer report issued with the five years immediately preceding the filing of the Complaint in this matter, and (a) that was furnished for an employment purpose, (c) that contained at least one public record, (d) to whom Imperial Security/Brewer did not place in the United States mail postage pre-paid a written § 1681k(a)(1) notice on the day it adjudicated the report.**

80. IMPERIAL SECURITY/BREWER willfully violated the FCRA, 15 U.S.C. § 1681k(a), as to the Class, because it failed to and could not comply with § 1681k(a)(2), and yet still failed to provide the written § 1681k(a)(1) notice at the same time class member reports were provided to the procedures, systems and people at IMPERIAL SECURITY/BREWER that were acting in place of Technicolor to adjudicate the reports.

81. IMPERIAL SECURITY/BREWER also willfully violated the FCRA, 15 U.S.C.

§ 1681k(a), because it failed to and could not comply with § 1681k(a)(2), and yet still failed to provide the written § 1681k(a)(1) notice at the same time class member reports were provided to Technicolor.

82. Plaintiff and class members are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of its violations and punitive damages under 15 U.S.C. § 1681n.

83. Plaintiff and class members are entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative "FCRA § 1681k Class," Plaintiff prays for relief as follows:

        a. determining that this action may proceed as a class action;

        b. designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

        c. issuing proper notice to the putative class at IMPERIAL SECURITY/BREWER's expense;

        d. finding that IMPERIAL SECURITY/BREWER committed multiple, separate violations of the FCRA;

        e. finding that IMPERIAL SECURITY/BREWER acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

        f. awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

        g. awarding reasonable attorneys' fees and costs as provided by the FCRA.

## DEMAND FOR JURY TRIAL

Plaintiff and the putative class demand a trial by jury.

Dated this 24th day of May, 2019.

                                      **MORGAN & MORGAN, P.A.**

                                      **/s/** *Brian Winfrey*
                                      BRIAN WINFREY, ESQ.
                                      TN Bar No. 02576
                                      MORGAN & MORGAN
                                      810 Broadway, Suite 105
                                      Nashville, Tennessee 37203
                                      Telephone: (615) 601-1276
                                      Facsimile: (615) 928-9917
                                      E-mail: bwinfrey@forthepeople.com